IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERTEN DODSON III,<br>TDCJ #01485604,<br><br>Plaintiff,<br><br>v.<br><br>DUKE HILDRETH,<br><br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO. H-18-0904 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Verten Dodson III (TDCJ #01485604), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Estelle Unit in Huntsville. Dodson has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against his former criminal defense counsel, Duke Hildreth. Dodson has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2), requesting leave to proceed without prepayment of the filing fee. Because Dodson is incarcerated the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

Dodson is presently serving a 30-year prison sentence that he received as the result of a murder conviction entered against him in Travis County Cause No. D-1-DC-07-300805.[1] The jury's guilty verdict was affirmed on direct appeal. See Dodson v. State, No. 03-08-00108-CR, 2008 WL 4823178 (Tex. App. — Austin Nov. 7, 2008, no pet.) (unpublished). Dodson's applications for state and federal habeas corpus relief from that conviction have been unsuccessful. See Dodson v. Thaler, Civil No. A-10-099, 2011 WL 2582725 (W.D. Tex. June 28, 2011); see also Ex parte Dodson, Writ No. 72,525-08 (Tex. Crim. App. June 12, 2013) (barring Dodson from filing any further applications because of his repeated abuse of the writ).

Dodson now sues Duke Hildreth, who served as Dodson's criminal defense counsel when his underlying murder conviction was entered.[2] Dodson contends that Hildreth violated his constitutional rights under the Sixth Amendment by failing to provide effective assistance of counsel.[3] Invoking 42 U.S.C. § 1983, Dodson seeks $10 million in damages for his wrongful conviction.[4]

---

[1]See Texas Department of Criminal Justice, Offender Information Details, located at: http://offender.tdcj.texas.gov (last visited March 23, 2018).

[2]Complaint, Docket Entry No. 1, p. 4.

[3]Id. at 3-4.

[4]Id. at 4.

## II. Discussion

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). In other words, the alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

Dodson sues the defendant for actions taken while he was acting as Dodson's criminal defense attorney. Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint against a criminal defense attorney does not allege state action, such a complaint fails to state a claim upon which relief can be

granted as a matter of law. See Hudson, 98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

Alternatively, Dodson cannot obtain money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

It is evident that the challenged conviction has not been set aside or invalidated. Court records confirm that Dodson's allegations of ineffective-assistance were addressed at length and rejected on federal habeas review. See Dodson v. Thaler, Civil No. A-10-099, 2011 WL 2582725, at *7-10 (W.D. Tex. June 28, 2011). Because Dodson has not demonstrated that his conviction has been invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed for failure to state a claim upon which relief may be granted for purposes of 28 U.S.C. § 1915A(b).

## III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    The Application to Proceed In Forma Pauperis filed by the plaintiff, Verten Dodson III, (Docket Entry No. 2) is **GRANTED**.

2.    The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Verten Dodson III (TDCJ #01485604) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.    Dodson's Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4.    The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also provide a copy of this Order by regular mail or electronic mail to:  (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 23rd day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE